UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60189-CIV-ALTONAGA

**INGRID FARQUHARSON**,

    Plaintiff,
v.

**BANK OF AMERICA, N.A.**; *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court *sua sponte*. On January 26, 2022, Plaintiff, Ingrid Farquharson, filed a Complaint [ECF No. 1] asserting four claims for relief. (*See id.* ¶¶ 43–70). Upon review of the Complaint, the Court concludes it must be dismissed.

"[A] district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (alteration added; citations omitted). This includes the inherent power to dismiss a case. *See id.* And it includes the power to dismiss a case *sua sponte* when the plaintiff fails to comply with procedural rules. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48–49 (1991)).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. *Id.* Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (alteration adopted; other

alteration added; citation and quotation marks omitted).

"Complaints that violate [] Rule 8(a)(2) . . . are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (alterations added). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). A shotgun pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (citation omitted). Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Estate Mortg. Network, Inc. v. Cadrecha*, No. 8:11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

The Complaint is a quintessential shotgun pleading, violating Rule 8(a)(2). It contains four counts, each of which "re-alleges and reaffirms the above paragraphs as though fully set forth herein." (Compl. ¶¶ 43, 50, 57, 64). By "re-alleg[ing] and re-affirm[ing]" each preceding paragraph, Plaintiff makes it virtually impossible to ascertain what factual allegations and legal conclusions correspond to Counts II, III, and IV. (*Id.* (alterations added)); *see also Beckwith v. Bellsouth Telecomm. Inc.*, 146 F. App'x 368, 372 (11th Cir. 2005).

This is precisely the kind of shotgun pleading the Eleventh Circuit has repeatedly condemned, as "[t]he result is that [the second, third, and fourth] count[s] [are] replete with factual allegations [and legal conclusions] that could not possibly be material to th[ose] specific count[s]." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (alterations added). The Court is "unwilling to address and decide serious [] issues on the basis of this [C]omplaint." *Id.* (alterations

added).

Accordingly, it is

**ORDERED AND ADJUDGED** that the Complaint **[ECF No. 1]** is **DISMISSED without prejudice**. Plaintiff has until **February 1, 2022** to submit an amended complaint addressing the foregoing deficiencies. Plaintiff's amended complaint must clearly delineate which factual allegations are relevant to each claim. The failure to timely file an amended complaint in accordance with the requirements of this Order will result in dismissal of this action without further notice.

**DONE AND ORDERED** in Miami, Florida, this 27th day of January, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record